UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT MORRIS                                               PETITIONER

v.                                                  CIVIL ACTION NO. 3:11-CV-211-R

JACK CONWAY, ATTORNEY GENERAL
OF THE COMMONWEALTH OF KENTUCKY               RESPONDENT

## OPINION AND ORDER

This matter is before the Court for preliminary review of Robert Morris's *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *Day v. McDonough,* 547 U.S. 198, 209-10 (2006). Because the petition appears to be time-barred, the Court will enter a show cause order.

On May 23, 2008, Petitioner was convicted after pleading guilty in Jefferson Circuit Court (05-CR 1787) to trafficking in methamphetamine, first offense; stealing a motor vehicle registered plate; and burglary in the third degree. Petitioner also claims he was convicted of manufacturing methamphetamine. Petitioner was sentenced to a total of ten years' imprisonment: ten years for trafficking, five years for the plate offense and one year for burglary. Petitioner did not appeal. Petitioner has filed no post-conviction motions in state court.

State prisoners must petition for federal habeas corpus relief, as a general rule, within a one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) (providing that other circumstances may trigger the clock at a later date, none of which are applicable here).

Petitioner has clearly filed this petition outside the one-year limitation period, 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final, for purposes of the AEDPA, thirty days after May 23, 2008, when the time for seeking direct review of the conviction expired. *See* KY. R. CR. PROC. 12.04. Petitioner filed this petition by placing it in the prison mail system on or about March 23, 2011.

Although this petition appears to be time-barred, the question remains whether the Court should excuse Petitioner's failure to file within the limitations period under the doctrine of equitable tolling. To equitably toll the one-year limitation period, the petitioner must show that he has pursued his rights diligently and that extraordinary circumstances impeded his efforts. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005); *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Therefore, the Court will enter a show cause order requiring Petitioner to address these issues in a written response. The Court being sufficiently advised,

**IT IS HEREBY ORDERED** that no later than **30 days** from the entry of this Order, Petitioner must **SHOW CAUSE** why the Court should not dismiss *sua sponte* this petition as time-barred, pursuant to 28 U.S.C. § 2244(d). Failure to show cause, in itself, within the time allowed may result in DISMISSAL of this petition.

DATED:

Copies to:   Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
1024 Capital Center Drive, Frankfort, KY 40601

4413.007